**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTY MALLORY, | ) | |
| Plaintiff, | ) | No. 18-cv-04364 |
| | ) | |
| v. | ) | Judge Sara Ellis |
| | ) | Magistrate Judge Young B. Kim |
| RUSH UNIVERSITY MEDICAL | ) | |
| CENTER, an Illinois Not for Profit | ) | |
| Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO QUASH SUBPOENA FOR DOCUMENTS**

Plaintiff, CHRISTY MALLORY, by and through her attorney, Calvita J. Frederick & Associates, and in response to Defendant's Motion to Quash Subpoena for Documents, states as follows:

**INTRODUCTION**

Plaintiff's subpoena for documents issued to Rush's retained expert, Scott Cordes, M.D., is proper and Defendant's motion to quash said subpoena should be denied. On July 18, 2020, plaintiff served a subpoena on Dr. Cordes' seeking his deposition testimony. The subpoena directed Dr. Cordes to bring to his deposition, materials he reviewed to form to his expert opinion, correspondence to and from Defendant, and information regarding his compensation. (*See* Plaintiff's subpoena for Dr. Cordes' deposition, attached as *Exhibit A*). Exhibit A to the subpoena contains standard document requests for an expert physician, including materials related to Dr. Cordes' work as an expert, as well the relevant medical records he reviewed to formulate his

opinion in this case. *Id.* Plaintiff also issued Dr. Cordes a subpoena to produce documents on July 18, 2020. (*See* Plaintiff's subpoena for production of documents, attached as *Exhibit B*). This subpoena directed Dr. Cordes to supply the documents requested in the Attached Exhibit A to the subpoena (the same documents requested in Dr. Cordes' deposition subpoena) on August 8, 2020.

That same day, Plaintiff sent Defendant a notice of Dr. Cordes' deposition. (*See* plaintiff's notice of expert witness deposition, attached as *Exhibit C*). The notice of deposition states that Dr. Cordes should "bring with him/her **and to produce 48 hours before deposition**" the documents requested in Exhibit A. *Id.*

Defendant filed its Motion to Quash Subpoena for Documents on August 8, 2020. Defendant argues the subpoenas inflict an undue burden on Dr. Cordes due to the nature of the documents requested.

## **ARGUMENT AND AUTHORITY**

### I. *Defendant Lacks Standing to Object to the Subpoenas*

Dr. Cordes has not objected to the subpoenas and has not filed a motion for a protective order or taken any other action with respect to the subpoenas. The only entity objecting is the Defendant. Defendant has no standing to assert rights on behalf of Dr. Cordes.

Dr. Cordes is not a party to this case. Dr. Cordes is not an agent of Defendant. Expert witnesses are not "agents" of the sponsoring party. *Dean v. Watson*, 1996 WL 88861, at *5 (N. D. Ill. Feb.28, 1996). ("[Expert witness] is not the sponsoring party's agent at any time merely because he is retained as its expert witness.")(citations omitted); *Kirk v. Raymark Industries, Inc.*, 61 F.3d 147 (3rd Cir.1995).

Ordinarily, a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action unless the party claims some personal right or privilege with regard to the documents sought." *Kessel v. Cook County,* No. 00 C 3980, 2002 WL 398506 at *1–2, 2002 U.S. Dist. LEXIS 4185 at *5–6 (N. D. Ill. Mar. 13, 2002).

In the present case, Dr. Cordes, a non-party expert, did not object to the subpoenas and did not file a motion to quash. Because Dr. Cordes did not object or move to quash prior to the compliance date, August 8, 2020, Dr. Cordes waived any objections he might have to the subpoena to produce documents. Under Rule 45, the nonparty served with the subpoena duces tecum must make objections to it within 14 days after service or before the time for compliance, if less than 14 days. Fed.R.Civ.P. 45(c)(2)(B). Failure to serve timely objections waives all grounds for objection, including privilege.

Defendant has no standing to quash the subpoenas and this Court should deny the motion on this basis alone.

## II.    *The Subpoenas Are Not Unduly Burdensome*

Defendant claims the subpoenas are unduly burdensome to Dr. Cordes because he would have to produce a voluminous amount of documents. As the documents requested in the subpoenas largely overlap with the information required to be disclosed by Federal Civil Rule 26(a)(2)(B), they cannot be "overly broad" or "unduly burdensome." Rule 26(a)(2)(B) states that a report of an expert must contain the following:

> "the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years."

The subpoenas served upon Dr. Cordes requested, among other things, his file on the matter, documents he used to formulate his opinion in the case, correspondence to and from Defendant, and information regarding his compensation. These requests specifically targeted the materials relied upon by the expert in formulating his opinion, the expert's history with similar cases, and the expert's relationship with Defendant. Accordingly, the subpoenas were fact specific to this case and the expert's experience, consistent with Federal Civil Rule 26(a)(2)(B), and therefore not overly broad or unduly burdensome

Defendant's assertion that responding to these subpoenas would be overly burdensome holds no merit. The subpoenas only seek documents within Mr. Cordes' possession and control. Defendant has failed to describe how the production of the requested documents would be a significant burden on Dr. Cordes

### III. Dr. Cordes was Given Ample Tie to Comply With the Subpoena

As explained supra, Dr. Cordes was given at least seventeen days from the date of service to produce the documents requested in the subpoena. Further, Defense counsel was well aware of Plaintiff's desire to depose its experts. Because Dr. Cordes was ordered to appear for deposition within his respective locale and because the subpoenas principally asked for information specifically delineated in Federal Rule of Civil Procedure 26(a)(2)(B), (and within the expert's control), Defendant's argument that the seventeen day notice given to the expert was insufficient must fail.

## CONCLUSION

In conclusion, Plaintiff asks this Court to deny Defendant's Motion to Quash Subpoena for Documents. Accordingly, Plaintiff asks this Court to order Defendant's

expert to appear for deposition and comply with the subpoena to produce documents, or in the alternative to strike the Witness Report of Dr. Cordes and to bar his testimony, which argument is more fully set forth by separate motion.

August 19, 2020

                                Respectfully submitted,

                                **CHRISTY MALLORY**

                                By:   /s/ Calvita J. Frederick
                                Counsel for Plaintiff

Calvita J. Frederick
Post Office Box 802976
Chicago, Illinois 60680-2976
312-421-5544
ARDC # 6184001
Email: Calvita.Frederick@att.net.com
       cjf@cjfredericklaw.com