UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTY MALLORY, | ) |
| | ) No. 18 CV 4364 |
| Plaintiff, | ) |
| | ) |
| v. | ) Magistrate Judge Young B. Kim |
| | ) |
| RUSH UNIVERSITY MEDICAL CENTER, an Illinois Not for Profit Corporation, | ) |
| | ) |
| | ) September 21, 2020 |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff Christy Mallory's motion to strike Dr. Scott Cordes's expert opinions, bar his testimony from this case, and for monetary sanctions against Defendant. For the following reasons, the motion is denied:

**Background**

Plaintiff filed this action alleging that in June 2016 she slipped on a puddle after visiting her mother in Defendant's intensive care unit. (R. 1, Compl. ¶ 13.) As a result of the slip, Plaintiff claims that she fell and injured her knees, arms, and head. (Id.) To determine "what injuries and activities of daily living limitations may have been proximately caused" by the fall, (R. 179, Pl.'s Resp. at 1-2), Defendant moved the court more than two years ago for a protective order pursuant to the Health Insurance Portability and Accountability Act ("HIPAA Order") so that it could access Plaintiff's health information. (R. 10.) Defendant noticed the motion to be heard on August 30, 2018. (R. 11.) However, Plaintiff did not appear for the

motion hearing. (R. 12.) The court granted the motion and entered a HIPAA Order. (R. 13.)

After the court entered the HIPAA Order, Defendant retained U.S. Legal Support to issue subpoenas to Plaintiff's medical providers for records. (R. 179, Def.'s Resp. at 4.) The vendor issued the subpoenas and sent contemporaneous notices to Plaintiff instructing her how to obtain copies of the medical records. (Id. Exs. D, E (copies of notices sent to Plaintiff from October 2018 to May 2019).) Plaintiff did not contact the vendor for any copies of the subpoenaed records. (Id. at 5 & Ex. G.) In June 2019 Defendant emailed Plaintiff a list of providers from which it had received records and offered to send the records to a copy service of Plaintiff's choice or, in the alternative, to provide an electronic version if Plaintiff would split the cost to obtain the records. (Id. Ex. I.) Defendant represents that before July 2020 Plaintiff never objected to the subpoenas. (Id. at 5.) For her part Plaintiff asserts that she first learned that Defendant obtained Plaintiff's medical records from providers in April 2020 when Defendant served supplemental answers to Plaintiff's interrogatories. (R. 151, Pl.'s Mot. at 2 & Ex. A.)

On July 15, 2020, Defendant disclosed its expert witness, Dr. Cordes. (R. 179, Def.'s Resp. at 10 & Ex. K.) Defendant's disclosure and the expert report attached thereto list the documents that Dr. Cordes reviewed and relied on in forming his opinions, identify the cases he worked on as an expert in the prior four years, and provide a statement of his compensation. (Id. Ex. J & Ex. A thereto.)

Analysis

Plaintiff makes two primary arguments in her motion: (1) Defendant committed HIPAA violations by obtaining Plaintiff's medical records without her authorization; and (2) Dr. Cordes's expert report does not comply with Rule 26(a)(2)(B). (R. 151, Pl.'s Mot.) Plaintiff asks the court to sanction Defendant in the amount of at least $1,754,698 for "willful" HIPAA violations and "obstructionist behavior" during discovery." (Id. at 3, 8, 14-15.) Plaintiff did not submit any evidence to support her motion except Defendant's April 2020 supplemental interrogatory responses, which Plaintiff claims to be the first notice to her of the subpoenas for medical records. (Id. at 2 & Ex. A.) But even then, Plaintiff did not file a declaration supporting this assertion. By contrast, in its response Defendant submitted several exhibits showing the lack of merit to Plaintiff's motion. (R. 179, Def.'s Resp. Exs. A-K.)

Plaintiff asserts that Defendant violated HIPAA by subpoenaing Plaintiff's medical records from her medical providers without proper authorization. (R. 151, Pl.'s Mot. at 1-5.) As Defendant points out, Plaintiff makes no mention of the HIPAA Order entered by the court in August 2018. (R. 179, Def.'s Resp. at 6.) That order clearly permits Defendant to seek Plaintiff's private health information for the purpose of litigating this case:

**IT IS HEREBY ORDERED AS FOLLOWS:**

(1) The current parties (and their attorneys) and any future parties (and their attorneys) to the above-captioned matter are hereby authorized to receive, subpoena and transmit "protected health

information ("PHI") pertaining to CHRISTY MALLORY, to the extent and subject to the conditions outlined herein;

(2) For purposes of this Qualified Protective Order, "protected health information" or "PHI" shall . . . [include]:

   (a) the past, present or future physical condition of an individual;
   (b) the provision of care to an individual; and/or
   (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

(3) All "covered entities" (as defined by 45 CFR 160.13) are hereby authorized to disclose "PHI" pertaining to CHRISTY MALLORY, to all attorneys, now of record, or who may become of record in the future of this litigation;

(4) The parties and their attorneys shall be permitted to use the "PHI" of CHRISTY MALLORY in any manner reasonably connected with the above-captioned litigation. . . .

(R. 13 ¶¶ 1-4.) The HIPAA Order appears on the public docket for this case, and a notice of electronic filing was emailed to Plaintiff when the order was entered on August 30, 2018. (Id.; R. 179, Def.'s Resp. Ex. C.) Plaintiff therefore was obliged to address the HIPAA Order in her motion, but she did not do so. *See* ABA Model Rule 3.3(a)(2) ("[A] lawyer shall not knowingly . . . fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel.").

In her motion Plaintiff also represents that she did not learn about Defendant's subpoenas for medical records until supplemental interrogatory responses were served on her in April 2020. (R. 151, Pl.'s Mot. at 2 & Ex. A.) But exhibits submitted by Defendant show that Plaintiff received notices of medical

4

records subpoenas at the time those subpoenas were issued. (R. 179, Def.'s Resp., Exs. D, E (attaching subpoena notices dating back to October 2018).) Additionally, in June 2019 Defendant provided her with an itemized list of entities that produced medical records. (Id. Ex. I.) At that time Plaintiff neither objected to the subpoenas nor arranged to receive copies of the subpoenaed medical records. (Id. at 5 & Ex. G.) Plaintiff instead waited until now, more than a year and a half after the first subpoena issued, to assert what she considered to be HIPAA violations.

Additionally, despite alleging that she sent HIPAA complaints to the Office of Civil Rights and the United States Department of Health and Human Services, (R. 151, Pl.'s Mot. at 3), Plaintiff did not submit copies of those complaints to the court. She nonetheless asks the court to order Defendant to pay more than $1.7 million for each alleged HIPAA violation. (Id.) The court denies Plaintiff's request. Plaintiff in her motion fails to address why such claims are not barred by the HIPAA Order or why she did not assert them in a timely manner. Moreover, Plaintiff has not shown that allegations of HIPAA violations are properly before this court, and even if she had done so, she has not cited any legal authority showing that this court may issue such relief and has not submitted any evidence to substantiate the merit of such claim.

Plaintiff next contends that the court should strike Dr. Cordes's expert report and bar his testimony from this case because Defendant did not comply with Rule 26(a)(2)(B). (R. 151, Pl.'s Mot. at 6-8.) Specifically, she asserts that Defendant has not disclosed the following: (1) the facts or data considered by Dr. Cordes; (2) a list

5

of cases in which he has testified in the last four years; or (3) a statement of his compensation. (Id.) Plaintiff oddly did not attach to her motion Defendant's Rule 26(a)(2)(B)-(C) disclosure or Dr. Cordes's report, which Defendant served on her on July 15, 2020. (R. 179, Def.'s Resp. Exs. J, K.) Had Plaintiff done so, she could not have missed the list of other cases or statement of compensation in Defendant's disclosure, or the list of documents that Dr. Cordes considered in his report. (Id. Exs. J, K.) The court therefore denies Plaintiff's request to strike Dr. Cordes's report or bar his testimony as frivolous.

Insofar as Plaintiff argues that Defendant was required to produce, free of charge, copies of Plaintiff's medical records listed in Dr. Cordes's report, the court disagrees. Rule 26(a)(2)(B) does not require a party to provide free copies of documents considered by an expert, and Plaintiff does not cite any authority suggesting otherwise. As this court ruled on August 24, 2020, the documents identified by Dr. Cordes are already within Plaintiff's custody or control. (R. 156.) Also, the subpoena notices sent to Plaintiff from October 2018 to May 2019 instructed her how to obtain copies of records submitted, (R. 179, Def.'s Resp. at D, E), but she never asked for them, (id. at 5 & Ex. G). Nor did Plaintiff accept Defendant's June 2019 offer to send the records to a copy service of her choice. (Id. Ex. I.)

## Conclusion

For the foregoing reasons, Plaintiff's motion to strike Dr. Cordes's expert opinion and for sanctions is denied.

**ENTER:**

_____
**Young B. Kim
United States Magistrate Judge**