UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTY MALLORY, | ) |
|           Plaintiff, | ) No. 18 CV 4364 |
| v. | ) Magistrate Judge Young B. Kim |
| RUSH UNIVERSITY MEDICAL CENTER, an Illinois Not for Profit Corporation, | ) |
|           Defendant. | ) October 19, 2020 |

**MEMORANDUM OPINION and ORDER**

Before the court is Defendant Rush University Medical Center's motion to compel Plaintiff Christy Mallory to pay Defendant's retained expert Dr. Scott Cordes's fees resulting from an untimely cancellation of his scheduled deposition. For the following reasons, the motion is granted in part and denied in part:

**Background**

Plaintiff filed this action alleging that in June 2016 she slipped on a puddle after visiting her mother in Defendant's intensive care unit. (R. 1, Compl. ¶ 13.) When she filed her complaint, Plaintiff submitted an in forma pauperis application seeking to commence her suit without prepayment of fees or security because of her inability to pay such fees. (R. 2, Pl.'s In Forma Pauperis App.) To support her application, Plaintiff filed an affidavit stating that she has not been employed since 1978, is not married, does not own any real estate, automobiles, or personal property with a value greater than $1,000, does not have any financial accounts with more

than $200 cash, and receives disability income. (Id.) The court granted her application, allowing her to proceed with this lawsuit in forma pauperis. (R. 9.) Plaintiff further represents that she is "unemployed, mentally ill, and a recipient of both Public Aid and Medicaid." (R. 191, Pl.'s Resp. at 6.)

On July 15, 2020, Defendant disclosed Dr. Cordes as its expert witness. He is a senior orthopedic trauma surgeon. (R. 167, Def.'s Mot. at 1.) Three days later, on July 18, 2020, Plaintiff issued a subpoena to Dr. Cordes, scheduling his deposition for August 17, 2020.[1] (R. 167-1 Ex. A, Pl.'s Subpoena to Dr. Cordes.) Defendant represents that Dr. Cordes "cleared his patient schedule" for that day so that he could attend the deposition. (R. 167, Def.'s Mot. at 1.) On July 22, 2020, Defendant sent a letter to Plaintiff confirming that Dr. Cordes would appear for the scheduled deposition, setting forth Dr. Cordes's fees and notifying her that a cancellation fee would apply. (Id. Ex. C, Def.'s July 22, 2020 Ltr. to Pl.) In that letter Defendant advised Plaintiff that "[i]f you cancel the deposition at any time after Monday, August 10, 2020, you will be charged a cancellation fee of $2,000, which represents compensation to Dr. Cordes for the time that he was not able to see patients that day due to the deposition." (Id.)

Plaintiff did not notify Defendant before August 10, 2020, that she did not intend to take Dr. Cordes's deposition as scheduled on August 17, 2020. (Id. at 3.) Instead, without advising Defendant in advance, Plaintiff filed a motion on August

---

[1] Plaintiff's proof of service for Dr. Cordes's subpoena reflects that service of the subpoena occurred on July 22, 2020. (See R. 190, Def.'s Resp. to Pl.'s Mot. for Reconsideration Ex. F.)

10, 2020, at 11:12 p.m., for an extension of the court's deadline for deposing Dr. Cordes. (R. 140, Pl.'s Mot. for Ext. of Time.) In that motion Plaintiff indicated that she could not take Dr. Cordes's deposition until he produced documents in response to her subpoena.[2] (Id.) The following day, on August 11, 2020, the court granted Plaintiff's request for an extension of time to depose Dr. Cordes and directed her to do so between September 7 and September 25, 2020. (R. 142.) On September 10, 2020, Defendant filed this motion seeking to have Plaintiff pay Dr. Cordes's $2,000 cancellation fee in addition to $600 for time he spent responding to Plaintiff's document requests. (R. 167, Def.'s Mot. at 3 & Ex. E, Def.'s Sept. 7, 2020 Ltr. to Pl.) Plaintiff has not paid these fees and opposes the motion on grounds that she does not have an ability to pay these fees. (R. 191, Pl.'s Resp at 4-5.)

## Analysis

Defendant moves to compel Plaintiff to pay fees associated with the untimely cancellation of Dr. Cordes's expert deposition, which Plaintiff herself scheduled. (R. 167, Def.'s Mot.) In response Plaintiff challenges neither her responsibility for nor the reasonableness of the requested cancellation fees. (See R. 191, Pl.'s Resp.) Instead, she argues that she should not be required to pay such fees because of her

---

[2] On August 24, 2020, the court quashed Plaintiff's subpoena to Dr. Cordes, ruling that her request for documents—seeking records over which she already had custody or control or to which she had access in this litigation—imposed an undue burden on Dr. Cordes. (R. 156; see also R. 188; R. 195.) Those documents included her own medical records and court papers from this case (e.g., her own complaint, written discovery responses, and deposition transcript). (R. 167-1 Ex. D, Pl.'s Subpoena to Dr. Cordes.)

3

indigence, as exemplified by her in forma pauperis application filed in this lawsuit. (Id.; see also R. 2, Pl.'s In Forma Pauperis App.)

Although Plaintiff's motion is silent on the issue, the court must begin its analysis by addressing the threshold question of whether a litigant is required to pay cancellation fees for an expert witness. Federal Rule of Civil Procedure 26(b)(4)(E) requires a party taking an expert witness's deposition to "pay the expert a reasonable fee for time spent in responding to discovery." The fee provision is "mandatory," *Se-Kure Controls, Inc. v. Vanguard Prods. Group, Inc.*, 873 F. Supp. 2d 939, 952 (N.D. Ill. 2012), except where "manifest injustice would result," Fed. R. Civ. P. 26(b)(4)(E). Whether a fee is "reasonable" is a matter within the court's "sound discretion." *See Smith v. City of Chi.*, No. 12 CV 4546, 2013 WL 5609332, at *2 (N.D. Ill. Oct. 11, 2013); *Edin v. Paul Revere Life Ins. Co.*, 188 F.R.D. 543, 545-46 (D. Ariz. 1999). In determining the reasonableness of an expert's fees, the court considers:

> (1) the expert's area of expertise; (2) the education and training required to provide the expert insight that is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality, and complexity of the discovery responses provided; (5) the fee actually being charged to the party that retained the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.

*Se-Kure Controls*, 873 F. Supp. 2d at 957.

Before considering the reasonableness of the fee requested, the court addresses whether it was reasonable for Defendant to seek compensation for Dr. Cordes based on his inability to see patients on the scheduled day of the deposition because of Plaintiff's untimely cancellation. Based on the facts presented, the court concludes

4

that it was reasonable for Defendant to seek payment of a cancellation fee because Dr. Cordes had cleared his patient schedule to sit for a deposition, and Plaintiff did not timely notify Defendant that she intended to postpone that deposition. Plaintiff does not deny that she failed to cancel the deposition in a timely manner. (R. 191, Pl.'s Resp. at 4; see also R. 167, Def.'s Mot. Ex. C, Def.'s July 22, 2020 Ltr. to Pl.) Instead, she argues that she should be excused from paying the cancellation fee because she sought an extension of time by which to take Dr. Cordes's deposition. (R. 191, Pl.'s Resp. at 4.) But Plaintiff filed her motion just before midnight on August 10, 2020, without providing any advance notice to Defendant of her intent to cancel the deposition. (R. 140, Pl.'s Mot. for Ext. of Time.) The court did not grant the requested extension until the following day, August 11, 2020. Accordingly, the court finds that Plaintiff did not take reasonable steps to cancel Dr. Cordes's deposition before the August 10, 2020 deadline to avoid his cancellation fee.

The court has the inherent power to require Plaintiff to pay a fee for an untimely cancellation of an expert witness deposition. *See Edin*, 188 F.R.D. at 545-46, 548. To be sure, given the "paucity of authority" on what constitutes a reasonable fee under Rule 26(b)(4)(E),[3] courts—including this one—have determined that it is within their "sound discretion" to determine the reasonableness of an expert witness fee. *Id.* at 545-46; *Smith*, 2013 WL 5609332, at *1-2. In a case frequently cited by courts considering this issue, *Edin*, 188 F.R.D. at 548, the court ruled that where a

---

[3] *See also Bradford v. Obaisi*, No. 16 CV 4166855, 2019 WL 4166855, at *2 (N.D. Ill. Sept. 3, 2019) (noting that "the case law interpretation of [Rule 26(b)(4)(E)] is sparse").

Plaintiff had reserved two hours for a physician's deposition but ended earlier than expected, that party was required to compensate the physician for the full two hours allocated because he had cleared his calendar of other income-generating work, such as seeing patients. *See also Demar v. United States*, 199 F.R.D. 617, 620 (N.D. Ill. 2001) (adopting the same reasoning about compensating a physician witness's time because of an untimely deposition cancellation but awarding only the statutory fee because the physician was not an expert witness). Likewise, Defendant in this case provided adequate notice to Plaintiff that she would incur a $2,000 fee if she did not timely cancel Dr. Cordes's deposition. (R. 167, Def.'s Mot. at 1 & Ex. C, Def.'s July 22, 2020 Ltr. to Pl.) Given that Plaintiff did not provide Defendant timely notice of cancellation, or show good cause for her failure to do so, (R. 191, Pl.'s Resp. at 3-4), the court concludes that she must pay a reasonable fee to compensate Dr. Cordes for his inability to see patients on the day of the deposition.

As to the reasonableness of the fee to be imposed, the court analyzes the applicable factors. *See Se-Kure Controls*, 873 F. Supp. 2d at 957. Here there is no dispute that Dr. Cordes is a senior orthopedic surgeon qualified to determine whether Plaintiff's fall could result in the injuries she claims in this lawsuit. (R. 167, Def.'s Mot. at 1; see also R. 171 Ex. E, Dr. Cordes's Disclosure.) Dr. Cordes charges $1,000 per hour to testify at a deposition. (R. 167, Def.'s Mot. at 2.) This court has previously determined that $400 is a reasonable rate for an orthopedic surgeon's discovery deposition. *Smith*, 2013 WL 5609332, at *2 (collecting cases showing reasonable fees for orthopedic expert witnesses); *see also Burdette v. Steadfast Commons II LLC*,

6

No. 2:11-CV-980, 2012 WL 3762515, at *6 (W.D. Wash. Aug. 29, 2012) (finding "astronomically high" an orthopedist's $1,500 hourly expert witness fee and adjusting it to "a maximum of $1,000 per hour for deposition time"). In any event, the $2,000 fee that Defendant warned Plaintiff she would incur in the event of an untimely cancellation was not intended as a reimbursement for time spent testifying but rather as compensation for "time that he was not able to see patients that day due to the deposition." (Id. Ex. C, Def.'s July 22, 2020 Ltr. to Pl.) Even still, the court finds the $2,000 cancellation fee unreasonably high given that Defendant did not submit evidence showing how much income Dr. Cordes actually lost as a result of the untimely cancellation.

The court also finds that Plaintiff's indigent status, as demonstrated by the in forma pauperis application she filed in this case, (R. 2, Pl.'s In Forma Pauperis App.; see also R. 191, Pl.'s Resp. at 4-6), requires an adjustment to Dr. Cordes's cancellation fee to comply with the reasonableness standard set forth in Rule 26(b)(4)(E). This rule exempts a party from paying an expert's reasonable fee where "manifest injustice would result." Fed. R. Civ. P. 26(b)(4)(E). A finding of "manifest injustice" is rare, and the court will exempt a deposing party from paying such a fee only in "extreme circumstances." *Smith*, 2013 WL 5609332, at *1 (internal quotations and citation omitted). Here Plaintiff's indigence, as shown by an affidavit she submitted in this case, may fit the type of "extreme circumstance[]" contemplated by Rule 26(b)(4)(E). *Id.*; *see also Bradford*, 2019 WL 4166855, at *2 (finding that manifest injustice exists where a plaintiff is indigent or paying a reasonable fee would result in undue

hardship). Nonetheless, the court finds that an appropriately adjusted fee is reasonable under the circumstances of this case because Plaintiff failed to show good cause for not canceling Dr. Cordes's deposition before August 10, 2020, (see R. 191, Pl.'s Resp. at 3-4), she failed to explain whether litigation costs and expenses, such as expert fees, are to be paid by her and not by her counsel, and Dr. Cordes was prevented from seeing his patients as a result of Plaintiff's dilatory conduct. Using the court's prior finding that $400 was a reasonable hourly rate for an orthopedic surgeon's discovery deposition seven years ago in 2013, the court finds that a $1,000 ($500 per hour) cancellation fee is reasonable here.

As to the $600 fee that Defendant seeks for time Dr. Cordes spent responding to Plaintiff's document requests, the court deems such request unreasonable. (R. 167, Def.'s Mot. at 3 & Ex. E, Def.'s Sept. 7, 2020 Ltr. to Pl.) Defendant moved to quash the subpoena for records that Plaintiff issued to Dr. Cordes, and the court granted the motion. (R. 156; R. 195.) Accordingly, it is not reasonable to impose a $600 fee for responding to the subpoena.

## Conclusion

For the foregoing reasons, Defendant's motion is granted to the extent that Plaintiff is ordered to pay $1,000 for failing to timely cancel Dr. Cordes's deposition.

**ENTER:**

_____
**Young B. Kim**
**United States Magistrate Judge**