UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTY MALLORY, ) | |
| ) | No. 18 CV 4364 |
| Plaintiff, ) | |
| ) | |
| v. ) | Magistrate Judge Young B. Kim |
| ) | |
| RUSH UNIVERSITY MEDICAL ) | |
| CENTER, an Illinois Not for Profit ) | |
| Corporation, ) | |
| ) | October 20, 2020 |
| Defendant. ) | |

**MEMORANDUM OPINION and ORDER**

Before the court is Defendant Rush University Medical Center's motion for sanctions against Plaintiff Christy Mallory. For the following reasons, the motion is granted:

**Background**

Defendant filed the current motion in response to Plaintiff's motion to strike the opinion and bar the testimony of Defendant's retained expert, Dr. Scott Cordes, and for monetary sanctions against Defendant ("Motion to Strike"). (R. 151, Pl.'s Mot. to Strike.) In her Motion to Strike Plaintiff asserted that Defendant committed violations of the Health Insurance Portability and Accountability Act ("HIPAA") by obtaining her medical records without authorization. (Id. at 1-3, 5, 8, 14-15.) Plaintiff also argued that Dr. Cordes's expert report did not comply with Federal Rule of Civil Procedure 26(a)(2)(B). (Id. at 6-8.) Based in part on Defendant's claimed HIPAA

violations and "obstructionist behavior," Plaintiff asked the court to sanction Defendant in excess of $1,754,698. (Id. at 3, 8, 14-15.)

Two days after Plaintiff filed her Motion to Strike, Defendant sought leave to respond to the motion, arguing that Plaintiff's motion was "frivolous," made in "bad faith," and included "objectively false representations." (R. 153, Def.'s Mot. for Leave to Respond to Pl.'s Mot. to Strike at 1.) Defendant asserted that litigating Plaintiff's motion, which she filed on August 21, 2020, would "needlessly increase" costs and result in "a gross waste of taxpayers' money." (Id.) Defendant noted that it planned to send Plaintiff a safe harbor letter pursuant to Rule 11(c)(2) asking Plaintiff to "withdraw or appropriately correct the frivolous positions and factually inaccurate representations" in her Motion to Strike by September 14, 2020. (Id. at 2.)

Defendant sent Plaintiff a safe harbor letter on August 21, 2020, setting forth its argument that the Motion to Strike ran afoul of Rule 11 and stating that it would seek reasonable attorney's fees and expenses incurred as a result of the motion if she did not withdraw or amend it as requested. (R. 180-1, Ex. B, Def.'s Rule 11 Letter to Pl.) Plaintiff did not withdraw or amend her Motion to Strike. On September 14, 2020, Defendant filed a response, (R. 179, Def.'s Resp. to Pl.'s Mot. to Strike), and the current motion for sanctions, (R. 180, Def.'s Mot.). On September 21, 2020, the court denied Plaintiff's Motion to Strike. (R. 187.) Then on October 2, 2020, Plaintiff filed her response to the current motion. (R. 196.)

## Analysis

Defendant seeks Rule 11 sanctions against Plaintiff for "needlessly and unfairly increas[ing] the cost of litigation," by filing a Motion to Strike with "a startling number of false and misleading statements, and frivolous legal positions." (R. 180, Def.'s Mot. at 1-2.) When filing any "written motion" with the court, an attorney "certifies" that the motion is not "being presented for any improper purpose," "legal contentions are warranted," and "factual contentions have evidentiary support." Fed. R. Civ. P. 11(b)(1)-(3). If an attorney violates the requirements of Rule 11(b), a court may "impose appropriate sanctions," including "appropriate attorneys' fees incurred as a direct result of the violation." *Claiborne v. Puritan Home Funding, L.P.*, 414 F.3d 715, 721, 724 (7th Cir. 2005). Moreover, the court has "inherent power to impose sanctions where the situation is grave enough to call for them and the misconduct has somehow slipped between the cracks of the statutes and rules covering the usual situations." *Id.* at 724.

To assert a Rule 11 violation, a party must first serve on the offending party the grounds for such violation and provide the offending party a 21-day window, or a "safe harbor," within which that party may "withdraw or correct the challenged pleading" or motion. *Frederick v. Easty*, No. 14 CV 342, 2015 WL 603884, at *8 (N.D. Ill. Feb. 11, 2015). Plaintiff does not challenge Defendant's compliance with Rule 11's procedural requirements. (R. 196, Pl.'s Resp.) In any event, the court finds that Defendant's safe harbor letter satisfied Rule 11. *See Frederick*, 2015 WL 603884, at *8 (finding sufficient a safe harbor letter that "detail[ed] the lack of factual bases" for

3

plaintiff's claims and "explain[ed] the multiple arguments" warranting the imposition of sanctions against her). Defendant sent Plaintiff a safe harbor letter on August 21, 2020, setting forth the grounds for Rule 11 sanctions and providing her a 24-day window within which to withdraw or amend the motion. (R. 180-1, Ex. B, Def.'s Rule 11 Letter to Pl.) When Plaintiff did not do so, Defendant filed the current motion seeking sanctions. (R. 180, Def.'s Mot.)

The court concludes that sanctions are warranted pursuant to Rule 11 and the court's inherent authority. The court has already denied Plaintiff's Motion to Strike, finding that Plaintiff's arguments were frivolous and not well-founded. (R. 188.) Specifically, the court determined that Plaintiff lacked evidentiary support for her repeated assertions that Defendant obtained her medical records without authorization. (Id.) In response to the current motion, Plaintiff claims that she did not seek redress from this court for alleged HIPAA violations by Defendant. (R. 196, Pl.'s Resp. at 2-3, 8-9.) But her Motion to Strike belies her argument. In that motion Plaintiff repeatedly refers to Defendant's unauthorized collection of her medical records and alleged HIPAA violations. (See, e.g., R. 151, Pl.'s Mot. to Strike at 1-3, 5, 8, 12, 14-15.) Plaintiff asserted that Defendant's conduct amounted to "an open, blatant, and willful violation of the HIPAA Privacy Rule." (Id. at 2.) Furthermore, she sought sanctions against Defendant in part based on its alleged "improper and unfettered wild goose chase for medical records . . . in violation of the HIPAA laws." (Id. at 14-15). Yet, as this court found in its order denying the Motion to Strike, Plaintiff failed to address—or even cite—the HIPAA Order entered in this action

4

permitting Defendant to seek her private health information for purposes of defending against this slip-and-fall case. (R. 188 at 3-4 (citing R. 13, HIPAA Order)). Applicable ethical rules required Plaintiff to disclose such authority, which was directly adverse to her position, but she did not do so. (Id. at 4 (citing ABA Model Rule 3.3(a)(2)).) Regardless, Plaintiff did not submit evidence to support her factual allegations, and Defendant cited and attached to its response a string of exhibits showing the lack of merit to Plaintiff's assertions. (Id. at 3-5.)

The court also found that the Motion to Strike was groundless insofar as it claimed Dr. Cordes's expert report did not comply with Rule 26(a)(2)(B). (Id. at 5-6.) In her response to the current motion, Plaintiff contends that "[a]ll of the arguments raised in [her Motion to Strike] address[ed] the insufficiency of Dr. Cordes['s] Expert Report as required by Rule 26(a)(2)." (R. 196, Pl.'s Resp. at 2.) Even if that were the case, the court found that Defendant's Rule 26(a)(2)(B)-(C) disclosure and Dr. Cordes's report—neither of which Plaintiff attached to her Motion to Strike—clearly included the information required by Rule 26(a)(2). (R. 188 at 5-6.) The court noted that, had Plaintiff reviewed the disclosure and accompanying expert report, "she could not have missed the list of other cases or statement of compensation in Defendant's disclosure, or the list of documents that Dr. Cordes considered in his report." (Id. at 6.) In short, the court denied Plaintiff's Motion to Strike as "frivolous." *See Berwick Grain Co., Inc. v. Ill. Dep't of Ag.*, 217 F.3d 502, 504 (7th Cir. 2002) ("A frivolous argument is simply one that is baseless or made without a reasonable and competent inquiry.").

Plaintiff opposes Defendant's current motion in part based on her status as a "solo practitioner." (R. 196, Pl.'s Resp. at 4.) While this court endeavors to treat each litigant with dignity and exhibit fairness and understanding when accommodations are needed, (see, e.g., R. 95; R. 142; R. 154 (granting Plaintiff's motions for extensions of time)), the court cannot excuse a Rule 11 violation on grounds that Plaintiff is a sole practitioner, *see Liner v. FCA US LLC*, 333 F.R.D. 122, 130 n.2 (N.D. Ill. 2019) ("Courts cannot make special rules for sole practitioners."). To do so would contravene the very purpose of Rule 11 and result in unfairness to Defendant. *See Liner*, 333 F.R.D. at 130 n.2.

Given the court's determination that Plaintiff's legal contentions in her Motion to Strike were unwarranted, and the factual assertions were baseless, the court finds that sanctions are appropriate. *See Frederick*, 2015 WL 603884, at *9 (imposing Rule 11 sanctions where complaint included "factual contentions that were baseless at the time they were made"). As such, the court orders Plaintiff's attorney, Calvita J. Frederick, to pay Defendant all attorney's fees and expenses associated with the Motion to Strike and the current Rule 11 motion. Fed. R. Civ. P. 11(c)(2) ("If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.").

## Conclusion

For the foregoing reasons, Defendant's motion for sanctions is granted.

        **ENTER:**

        _____
        **Young B. Kim**
        **United States Magistrate Judge**