**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHRISTY MALLORY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 18 C 4364 |
| v. ) | |
| ) | Judge Sara L. Ellis |
| RUSH UNIVERSITY MEDICAL CENTER, ) | |
| an Illinois not-for-profit corporation, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

After more than two years of litigation, Plaintiff Christy Mallory now moves to voluntarily dismiss her action against Defendant Rush University Medical Center ("Rush") without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). Rush opposes Mallory's motion, and more: it asks the Court to dismiss Mallory's case *with* prejudice, order her to pay all costs and fees associated with its opposition, and retain jurisdiction to enforce sanctions orders that have already been entered in this case. The Court finds that dismissing Mallory's action is appropriate only if it is with prejudice. Therefore, Mallory has until November 17, 2020 to withdraw her voluntary motion to dismiss [175]. If Mallory withdraws her motion, the case will proceed toward trial; if she does not, the Court will grant her motion, but with the additional condition that the dismissal is with prejudice, and the Court will retain jurisdiction to enforce, as necessary, the sanctions orders entered against Mallory and her counsel in this case. The Court, however, denies Rush's request for costs and fees associated with its opposition.

**BACKGROUND**

Mallory alleges that she sustained severe and permanent injuries when she slipped and fell on a puddle of liquid in Rush's hospital building. In June 2018, Mallory filed a complaint

asserting negligence against Rush. Rush answered the complaint without asserting any counterclaims, so Mallory's negligence claim is the only claim at issue in this litigation.

The district court judge[1] ordered the parties to exchange Mandatory Initial Discovery Pilot ("MIDP") disclosures by October 11, 2018 and to complete all fact discovery, including discovery with respect to Mallory's treating physicians, by April 12, 2019. Doc. 16. The district court judge also referred the case to the assigned magistrate judge for discovery supervision. As part of this supervision, the magistrate judge ordered each party to serve written discovery requests by October 18, 2018, serve responses to these requests by November 18, and identify any issues it had with the opposing party's discovery responses by December 6. Doc. 18. Mallory failed to comply with the district court and magistrate judges' deadlines from the start; she served her MIDP disclosures five days late and her discovery responses more than two weeks late, and she failed to identify any issues with Rush's written discovery responses by the December 6 deadline. *See* Doc. 20 at 2–3; Doc. 20-1 at 1; Doc. 35-1 at 15, 23. The magistrate judge subsequently gave Mallory until December 31 to identify any such issues, Doc. 24, but Mallory did not meet this deadline either. Instead, she requested an extension of the deadline after it had already passed. Doc. 25. The magistrate judge again extended the deadline for Mallory to identify any issues with Rush's written discovery—this time until January 22, 2019— but required Mallory to identify these issues in a motion to compel. Doc. 27. Mallory missed this deadline as well. Almost three weeks after the January 22 deadline, Mallory sought another extension of time. Doc. 29. The magistrate judge denied Mallory's request this time, noting the previous extensions he had given to Mallory and the importance of "clos[ing] the loop on written discovery before moving forward with oral discovery." Doc. 32. Thereafter, on February 25,

---

[1] Two other district court judges oversaw this case before the Executive Committee assigned it to the undersigned in October 2019.

2

2019, Mallory moved the district court to extend the fact discovery deadline. In this motion, Mallory's counsel asserted her belief that the magistrate judge was biased against her client.[2] Doc. 37 at 5–6.

This appears to be the first time Mallory's counsel accused the magistrate judge of bias in this litigation. But it was not the last. For example, in an April 13, 2020 motion to vacate a recent order by the magistrate judge, Mallory's counsel asserted that the ruling "singled Plaintiff and/or her counsel out for disparate treatment." Doc. 103 at 3. Three months later, in a July 13 email to the magistrate judge and opposing counsel, Mallory's counsel asked that the case be removed from the magistrate judge "for bias." Doc. 190-1 at 66. The following day, in an email to Rush's counsel, Mallory's counsel claimed that certain actions by the magistrate judge were improper and that she was going to "move outside of the court" to have the magistrate judge removed for bias. *Id.* at 75. Mallory's counsel also represents in her reply brief that she has asked for the magistrate judge's removal because of bias three times and that she filed a judicial misconduct complaint against the magistrate judge on September 10, 2020.[3] Yet at no point in this litigation did Mallory's counsel file a formal motion seeking the magistrate judge's recusal.

On September 11, 2020, Mallory filed a motion asking the magistrate judge to reconsider his order granting Rush's motion to quash a subpoena she served on its retained medical expert. Doc. 171; *see also* Doc. 156 (Aug. 24, 2020 order granting Rush's motion). In this motion, the assertions of bias made by Mallory's counsel reached a new level. The Court will not repeat the offending assertions here, but it is sufficient to say that the Court agrees with the magistrate judge's characterization of these assertions as "vitriolic attacks" on the court that were "disruptive to the administration of justice" and violated several model rules of professional

---

[2] The district court denied Mallory's motion. Doc. 41.
[3] The Seventh Circuit dismissed counsel's September 16, 2020 Complaint of Judicial Misconduct or Disability against the magistrate judge.

conduct. Doc. 184 at 1. Mallory's counsel filed the motion for reconsideration at 8:59 p.m.; eight minutes later, she filed a notice purporting to voluntarily dismiss Mallory's action without prejudice. *Id.* The magistrate judge entered and continued the motion for reconsideration but explained that the dismissal notice was ineffective because, at this stage of the litigation, a court order was necessary to dismiss the action. Doc. 174. Two days later, Mallory filed the motion for voluntary dismissal at issue here. Doc. 175.

On September 15, the magistrate judge issued an order addressing Mallory's motion for reconsideration. Doc. 184. The magistrate judge found that because Mallory filed the notice of voluntary dismissal immediately after filing the motion for reconsideration, "the motion for reconsideration was merely a vehicle to spew parting shots at this court" and that Mallory's counsel appeared to "mistakenly believe[] that by dismissing the case that she can evade the rulings of this court or that a different set of judges would be assigned to the case when reinstated." *Id.* at 1. However, so that Mallory's counsel could "avoid consequences she may not have appreciated" when she filed the motion for reconsideration, the magistrate judge gave her until September 17 to withdraw or amend her motion. *Id.* Mallory's counsel did not take this opportunity and, according to Mallory's counsel, the magistrate judge filed a complaint with Illinois' Attorney Registration and Disciplinary Commission ("ARDC") against her on September 23. A week later, the magistrate judge denied Mallory's motion for reconsideration. *See* Doc. 194.

Separately, the magistrate judge has sanctioned Mallory and her counsel multiple times in the past two months. First, the magistrate judge has ordered Mallory's counsel to pay Rush $6,535 for attorneys' fees incurred in connection with briefing Rush's motion to quash and Mallory's subsequent motion for reconsideration. *See* Docs. 156, 173, 194, 199. Second, the

4

magistrate judge has ordered Mallory to pay Rush $1,000 as a cancellation fee for failing to timely cancel the deposition of Rush's expert. *See* Doc. 200; Doc. 201 at 1, 8. Third, the magistrate judge has ordered Mallory's counsel to pay all attorneys' fees and expenses incurred by Rush in connection with opposing Mallory's frivolous and groundless motion to strike Rush's expert's report and seeking to sanction Mallory for the motion under Federal Rule of Civil Procedure 11. *See* Doc. 202; Doc. 203 at 1–2, 4–6.

Discovery is closed. Rush moved for summary judgment on Mallory's claim, but the Court denied the motion. All that is left for the parties to do—at least as it pertains to the merits of Mallory's claim—is to prepare for trial.

## LEGAL STANDARD

If a defendant has already served an answer or summary judgment motion and has not stipulated to a dismissal, which is the case here, a plaintiff must obtain a court order before she can voluntarily dismiss her action. Fed. R. Civ. P. 41(a)(1)(A), (a)(2). Whether to grant or deny a motion for voluntary dismissal without prejudice brought under Rule 41(a)(2) is "within the sound discretion of the district court." *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 177 (7th Cir. 1994). A district court abuses its discretion by dismissing a case without prejudice only if the dismissal would cause the defendant to "suffer 'plain legal prejudice.'" *United States v. Outboard Marine Corp.*, 789 F.2d 497, 502 (7th Cir. 1986) (citation omitted). Ultimately, though, it is not the defendant's burden to demonstrate the existence of legal prejudice; the plaintiff must demonstrate that dismissal without prejudice is warranted—i.e., that the defendant will not suffer legal prejudice—and without such a demonstration, the Court "shall not" dismiss the action. *See Tolle*, 23 F.3d at 177–78; *Nwatulegwu v. Boehringer Ingelheim Pharm., Inc.*, 668 F. App'x 173, 175 (7th Cir. 2016) ("Rule 41(a)(2) requires that the plaintiff persuade the district

court that a voluntary dismissal should be without prejudice, and, absent such a showing, voluntary dismissal is inappropriate.").

The Court also may determine that dismissing the plaintiff's action is only appropriate if it is made with prejudice. *See* Fed. R. Civ. P. 41(a)(2) ("[A]n action may be dismissed . . . on terms that the court considers proper."); *Carter v. City of Alton*, 922 F.3d 824, 826 (7th Cir. 2019) ("Under Rule 41(a)(2), the court had discretion to dismiss the case either with or without prejudice. The court determined that a dismissal with prejudice was proper, and it was within its discretion to do so."); *August Storck KG v. Nabisco, Inc.*, No. 95 C 1446, 1996 WL 634116, at *5 (N.D. Ill. Oct. 30, 1996) ("The court may convert the proposed dismissal, sought by [the plaintiff] to be entered without prejudice, into one with prejudice."). But where the plaintiff seeks a voluntary dismissal without prejudice, the Court must give the plaintiff a reasonable opportunity to withdraw her motion before dismissing the case with prejudice. *Carter*, 922 F.3d at 826; *Marlow v. Winston & Strawn*, 19 F.3d 300, 304–05 (7th Cir. 1994).

## ANALYSIS

In *Pace v. Southern Express Co.*, 409 F.2d 331 (7th Cir. 1969), the Seventh Circuit identified four factors that the Court may consider in resolving a Rule 41(a)(2) motion: "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." *Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980) (quoting *Pace*, 409 F.2d at 334). These factors, however, are merely a guide, *id.*, and the Court's discretion constitutes "a zone of choice within which [it] may go either way [in granting or denying the motion]," *Outboard Marine*, 789 F.2d at 502 (first alteration added) (citation omitted).

The first *Pace* factor looks to Rush's effort and expense in preparing for trial. Rush has defended this case for more than two years. Discovery is complete, and summary judgment has been briefed and decided; in other words, this case is ready to be decided at trial. The Court further notes that in the past few months alone, Rush has had to expend additional time and effort briefing several matters for which the magistrate judge found it necessary to sanction Mallory and her counsel. *See, e.g.*, Doc. 156 (granting Rush's motion to quash and authorizing the recovery of attorneys' fees); Doc. 166 (granting Rush's motion to strike Mallory's second supplemental interrogatory response); Doc. 194 (denying Mallory's motion for reconsideration and authorizing the recovery of attorneys' fees); Docs. 200, 201 (ordering Mallory to pay Rush $1,000 for failing to timely cancel an expert deposition); Docs. 202, 203 (granting Rush's motion for Rule 11 sanctions).[4] Although Rush has not identified the amount of fees it has incurred in this litigation so far, the Court does not doubt, and Mallory does not dispute, that Rush has incurred substantial fees and expenses in defending the case to this point in the litigation. *See August Storck*, 1996 WL 634116, at *5 (finding that this factor favored the defendant where discovery was "practically complete" and the case was "ripe for trial"); *Planet Ins. Co. v. Griffith*, 712 F. Supp. 659, 660–61 (N.D. Ill. 1989) (finding that this factor favored the defendant where the case was more than two years old, discovery was closed, and the case was ripe for adjudication). This factor, therefore, favors Rush.

The second *Pace* factor asks whether Mallory excessively delayed and lacked diligence in prosecuting her action. The Court acknowledges that Mallory survived summary judgment, which means that she has placed her claim in a position that requires a trial. That said, the

---

[4] The Court recognizes that the magistrate judge's orders require Mallory and her counsel to reimburse Rush for some of the fees and expenses it incurred in litigating these matters. Even so, Rush would not have had to expend time and effort to raise these matters in the first place if Mallory's counsel had complied with the applicable rules.

7

remainder of the record is replete with instances of delay and lack of diligence. As discussed above, Mallory failed to meet multiple written discovery deadlines at the outset of the case. In March 2019 (shortly before the original close of fact discovery), the magistrate judge expressed his concern with "the level of diligence Plaintiff has exercised in meeting her discovery obligations" regarding the disclosure of her treating physicians, Doc. 47 at 1–2, and he subsequently extended the fact discovery deadline by two months at Rush's request because of Mallory's failure to accurately and timely disclose her treating physicians, Doc. 48 at 10; Doc. 54. Around the same time, Mallory failed to comply with the magistrate judge's order to provide a certain medical authorization to Rush, which required the magistrate judge—a year later—to again order Mallory to provide the authorization. *See* Doc. 47 at 2; Doc. 100. Even then, it appears that Mallory failed to provide the proper authorization in a timely manner. *See* Doc. 119 at 2–3. Also, although Mallory saw certain medical providers starting in September 2019, she waited several months before asking the magistrate judge to re-open discovery so that she could depose these providers. The magistrate judge denied this request because Mallory's "lack of diligence in prosecuting this case" did not provide good cause for the request. Doc. 165 at 1. What is more, even though the magistrate judge granted Mallory's request to re-open discovery in part so that she could depose certain other witnesses, *see id.*, it appears that Mallory never deposed these witnesses. Indeed, Mallory's counsel does not dispute that she has not taken a single deposition in this case. This factor weighs in Rush's favor as well.

The fourth *Pace* factor (the Court addresses the third *Pace* factor below) asks whether Rush has filed a motion for summary judgment. The Court understands this factor to address a situation where a plaintiff seeks to dismiss her case *before* the court issues an adverse ruling on a defendant's pending summary judgment motion. *See Pace*, 409 F.2d at 334 (affirming the

8

district court's denial of a motion to dismiss without prejudice where the plaintiff was "attempting to deprive the defendant of a ruling on [its] summary judgment motion by its dismissal tactic"); *2010-1 SFG Venture LLC v. EP Milwaukee, LLC*, No. 10-C-1079, 2011 WL 4431745, at *6 (E.D. Wis. Sept. 22, 2011) ("Clearly, the *Pace* factor relating to summary judgment was meant to address the instance where a plaintiff files a motion to voluntarily dismiss *after* and *in response to* a motion for summary judgment filed by the defendant."). That is not the situation here. Mallory is not trying to avoid a potentially adverse summary judgment ruling. Rather, the Court already ruled in Mallory's favor when it denied Rush's summary judgment motion. This factor supports Mallory's request for dismissal.

That brings the Court to the third *Pace* factor, which looks to the sufficiency of Mallory's explanation for requesting dismissal without prejudice. Mallory did not provide an explanation for her dismissal request in her opening motion. Instead, she waited until her reply brief to identify the purported reasons for her request. This was improper: "reply briefs are for replying, not for raising and developing points that ought to have been raised and developed in an opening brief." *Franklin v. Howard Brown Health Ctr.*, No. 17 C 8376, 2018 WL 4590010, at *2 (N.D. Ill. Sept. 25, 2018). Thus, Mallory missed her chance to explain why dismissal without prejudice is appropriate. *See O'Neal v. Reilly*, 961 F.3d 973, 974 (7th Cir. 2020).

In any event, Mallory does not fare any better even if the Court considers the justifications she offers in her reply. Mallory asserts that the reason for the dismissal "is financial, brought about by loss of income sustained by [her] counsel due to COVID-19 . . . coupled with [the] fact that [she] is indigent and cannot afford to assist with the payment of costs associated with this case."[5] Doc. 197 at 13. An inability to continue litigation due to financial

---

[5] Mallory also suggests that the resolution of the judicial misconduct and ARDC complaints "may very well affect the outcome of this case." Doc. 197 at 13. But Mallory makes no attempt to explain this

9

constraints can be a legitimate consideration for dismissing a case without prejudice. *See, e.g.*, *Copeland v. Hiram Twp.*, No. 5:18CV2413, 2019 WL 1980507, at *2 (N.D. Ohio May 3, 2019) (finding that the plaintiff "provided a sufficient explanation for the necessity of the dismissal based upon her financial concerns and present inability to pay to continue this case based upon increasing costs for upcoming costly discovery disputes"); *Vector Envtl. Grp., Inc. v. 3M Co.*, No. 2:06-cv-11264, 2006 WL 8433616, at *3 (E.D. Mich. Oct. 20, 2006) (finding that "the change in business climate" and the plaintiff's financial difficulties constituted "a sufficient explanation for [the plaintiff's] pursuit of a voluntary dismissal"). And the Court does not doubt that Mallory and her counsel face financial difficulties in pursuing this case farther. But the conduct of Mallory's counsel indicates that the true reason for the dismissal request was a desire to use the September 11 motion for reconsideration as "a vehicle to spew parting shots" at the magistrate judge. Doc. 184 at 1. In fact, the Court does not see any other reason why Mallory's counsel would take the time to draft a ten-page motion for reconsideration containing vitriolic attacks on the magistrate judge only to attempt to dismiss the case less than ten minutes later. Furthermore, Mallory's counsel has not shown any regret for these attacks, and she has refused to withdraw them, even though the magistrate judge gave her the opportunity to do so. Granting Mallory's request for dismissal in these circumstances would, at least implicitly, condone her counsel's improper and remorseless attacks on the magistrate judge. The Court will not do that. *Cf.* 8 Moore's Federal Practice – Civil § 41.40[6] (2020) (noting that courts have considered "vexatious conduct or bad faith on [the] plaintiff's part" in deciding a motion for voluntary dismissal); *id.* § 41.40[7][b][i] (courts often consider "the plaintiff's good or bad faith in seeking the dismissal").

---

contention further, and the Court does not see how the resolution of either complaint would affect the merits of Mallory's case or otherwise justify dismissing the case without prejudice.

10

The Court also shares the magistrate judge's concern that the dismissal request was motivated by Mallory's counsel's belief that dismissing the case would enable her to "evade the rulings of this court" or be assigned "a different set of judges" when refiling her case. Doc. 184 at 1. The desire to avoid an unfavorable ruling or a particular judge does not justify dismissing a case without prejudice. *See Tolle*, 23 F.3d at 178 ("Unfavorable rulings by the district court is not an acceptable basis to grant Tolle's voluntary dismissal or to facilitate the search for a perceivably more favorable [] judicial climate."); *Vaqueria Tres Monjitas, Inc. v. Rivera Cubano*, 230 F.R.D. 278, 279–80 (D.P.R. 2005) (explaining that Rule 41(a) should not be used "as a vehicle for judge-shopping"). Here, for instance, rulings by the magistrate judge preclude Mallory from deposing some of her treating physicians and presenting certain information about her medical treatment. *See* Docs. 165, 166. It also appears that Mallory has waived her opportunity to depose other witnesses and to present expert discovery. *See* Doc. 189 at 1; Doc. 192. If the Court allows Mallory to dismiss this suit without prejudice, Rush might lose the benefit of these decisions in any subsequent action that Mallory files. *See August Storck*, 1996 WL 634116, at *4 (dismissing the plaintiff's case without prejudice would allow it to "evade the consequences" of, among other things, its failure to respond to a request to admit and to timely serve expert reports). And if Mallory dismissed her case and then refiled in Illinois state court, she would ensure that her case was not assigned to the Court and the magistrate judge currently overseeing discovery.[6] Therefore, despite the financial difficulties of Mallory and her counsel, these other considerations—which indicate that Mallory's counsel sought dismissal primarily in an attempt to avoid the consequences of her actions and inactions—lead the Court to conclude that the third *Pace* factor weighs in Rush's favor.

---

[6] If Mallory refiled her case in this District, however, the undersigned and the current magistrate judge would again oversee the case. *See* N.D. Ill. L.R. 40.3(b)(2), 72.1.

With three of the four *Pace* factors weighing in Rush's favor, the Court concludes that Mallory has not demonstrated that dismissal of this case without prejudice is warranted, as is her burden. *See Tolle*, 23 F.3d at 177–78. To the contrary, after weighing these factors and considering the record, the Court is convinced that any dismissal of Mallory's claim at this stage of the litigation must be *with* prejudice. Given Rush's efforts in defending this case, Mallory's delay and lack of diligence in prosecuting the action, and the motives that arguably drove the request for dismissal, "[a]llowing [Mallory] to simply 'drop the case' at this late juncture . . . without adjudication of the issues on their merits[] would cause 'plain legal prejudice'" to Rush. *See August Storck*, 1996 WL 634116, at *5; *see also Outboard Marine*, 789 F.2d at 502 (characterizing the *Pace* factors as factors to "consider in determining whether the defendant has suffered 'legal prejudice' as a result of the dismissal of an action without prejudice"). Moreover, this case has had a tortured litigation history, and it needs to be brought to a resolution once and for all, whether by trial, settlement, or dismissal with prejudice.

Nonetheless, before the Court can dismiss this case with prejudice, it must give Mallory a reasonable opportunity to withdraw her motion for voluntary dismissal. *Carter*, 922 F.3d at 826; *Marlow*, 19 F.3d at 304–05. Accordingly, Mallory has until November 17, 2020 to withdraw her voluntary motion to dismiss. If Mallory withdraws her motion, the case will proceed toward trial; if she does not, the Court will grant her motion with the additional condition that the dismissal is with prejudice. Under either scenario, the Court and the magistrate judge retain the authority to enforce, as necessary, the sanctions orders entered against Mallory and her counsel in this case. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–98 (1990); *Dunn v. Gull*, 990 F.2d 348, 350 (7th Cir. 1993); *Wojan v. Gen. Motors Corp.*, 851 F.2d 969, 971–73 (7th Cir. 1988).

As for Rush's request for an award of fees and costs associated with opposing Mallory's voluntary motion to dismiss, the Court declines to grant the request at this time. However, the Court reminds both parties that all filings in this Court and before the magistrate judge must comply with Rule 11 and the applicable rules of professional conduct.

One final note. Attorneys have a professional obligation to treat judges and each other with courtesy and dignity in their briefing. Mallory's counsel did not fulfill this obligation in filing her reply in support of her motion to voluntarily dismiss this case. And in light of the record in this case, including the motion for reconsideration Mallory's counsel filed before the magistrate judge, this is not an isolated incident. Although Mallory's counsel is entitled to criticize or challenge a judge's or opposing counsel's handling of a matter, she must do so respectfully. Should this case move forward, the Court will not tolerate mudslinging of the type it had to wade through to decide the current motion.

## CONCLUSION

For the foregoing reasons, Mallory has until November 17, 2020 to withdraw her voluntary motion to dismiss [175]. If Mallory withdraws her motion, the case will proceed toward trial; if she does not, the Court will grant her motion with the additional condition that the dismissal is with prejudice, and the Court will retain jurisdiction to enforce, as necessary, the sanctions orders entered in this case against Mallory and her counsel. The Court denies Rush's request for costs and fees associated with its opposition.

Dated: November 9, 2020

_____
SARA L. ELLIS
United States District Judge